IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Criminal No. 09-320 |
| v. | : |
| | : |
| DAVID IVINS, | : |
| Defendant. | : |

**OPINION AND ORDER**

Slomsky, J.                                                                                                                         March 31, 2010

**I.  INTRODUCTION**

Before the Court is the Government's Motion to Admit Evidence of Other Crimes under Fed. R. Evid. 414 and Fed. R. Evid. 404(b).  (Doc. No. 23).  On May 7, 2009, a federal grand jury returned an Indictment charging Defendant David Ivins (hereinafter "Defendant") with one count of possession of child pornography in violation of Title 18, United States Code Section 2252(a)(4).  The charges stem from evidence seized after the execution of a search warrant at Defendant's home in July 2006.  The search resulted in the seizure of Defendant's computer, which contained images of child pornography.

On September 1, 2009, the Government filed a Motion to Admit Evidence of Other Crimes Under Fed. R. Evid. 414 and Fed. R. Evid. 404(b).  (Hereinafter "Doc. No. 23").  In this Motion, the Government seeks to admit evidence of Defendant's sexual relationship with a minor, K.R.  On September 23, 2009, a hearing was held on the Motion.  During the hearing, Government counsel said that it was not proceeding under Fed. R. Evid. 414 and instead was

seeking to admit the evidence only under Fed. R. Evid. 404(b). (Trans. of 9/23/09 Hearing, at 3:12-15 (hereinafter "Trans.")).

The Government seeks to admit evidence that during 2007 and 2008, when K.R. was 17 years of age and Defendant was 31, Defendant engaged in a sexual relationship with her. (Id. at 3:23-4:9). Their relationship resulted in the birth of a daughter in the fall of 2008.[1] (Doc. No. 23, at 2). In addition, K.R. was found naked in Defendant's bed when agents arrived at Defendant's home to execute the search warrant in July 2006. (Trans., at 4:11-13). K.R. was 17 at the time.[2] (Doc. No. 23, at 2). The Government asserts that this evidence is relevant to prove motive, intent, opportunity and absence of mistake with respect to the charge of possession of child pornography and is therefore admissible under Fed. R. Evid. 404(b). For the following reasons, the Court is not persuaded that the Government has demonstrated a proper purpose under Rule 404(b) for the admission of evidence concerning Defendant's relationship with K.R., and also finds that the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. Accordingly, the Motion will be denied in its entirety.

## II.   DISCUSSION

All relevant evidence is admissible, except as otherwise provided by the Rules of Evidence, the Constitution of the United States or an Act of Congress. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without

---

[1] K.R. was present in court at the September 23 hearing. At that time, she was over 18 and continued to reside with and maintain a close relationship with Defendant.

[2] The dates here are taken from the Government's brief and statements made by counsel at the September 23 hearing. It appears that K.R. was 17 years of age in 2006-2007, including the date of the execution of the search warrant in July 2006. Therefore, K.R. was age 18 in 2007-2008, and also 18 at the time of the birth of her daughter in the fall of 2008.

the evidence." Fed. R. Evid. 401. Evidence, though relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Federal Rule of Evidence 404(b), which governs the admission of evidence of prior crimes, wrongs, or acts, provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

This list is neither inclusive nor exhaustive. United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003). If evidence is offered for a proper purpose under Fed. R. Evid. 404(b), it is subject only to the limitations of Fed. R. Evid. 402 and 403. United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir. 1988).

In determining whether evidence of a defendant's prior crimes, wrongs, or bad acts is admissible a court engages in a four-part analysis. Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992). First, it must determine whether the evidence is being offered for a proper purpose under Fed. R. Evid. 404(b). Id. at 691. Second, it must determine whether the evidence is relevant under Fed. R. Evid. 402. Id. Third, it must determine whether the probative value of the evidence is substantially outweighed by its risk of unfair prejudice as provided by Fed. R. Evid. 403. Id. And finally, if the evidence is deemed admissible, upon request, the court must "instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted." Id. at 691-92. See also United States v. Sriyuth, 98 F.3d 739, 745-46 (3d Cir. 1996) (articulating

this four-part analysis). Resolution of the instant motion turns on the analysis under the first and third prong of this four-part inquiry – whether the evidence offered by the Government is being offered for a proper purpose and whether the probative value is substantially outweighed by the risk of unfair prejudice.

### A. Prong One: Proper Purpose

In this matter, the Government asserts that Defendant's relationship with K.R. is evidence of his "sexual orientation toward young children," which is probative of his motive, intent and opportunity to engage in the crime charged. (Doc. No. 23, at 12.) The Government also argues that evidence of this relationship demonstrates Defendant's "sexual interest in pubescent children," making it less likely that his possession of child pornography was the result of a mistake. (Id.)

In assessing whether 404(b) evidence is being offered for a proper purpose, the Third Circuit requires that the proponent "clearly articulate how the evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed . . . offenses before, he therefore is more likely to have committed this one." United States v. Morley, 199 Fed 129, 137 (3d Cir. 1999). "[A] mere list of the purposes found in rule 404(b) is insufficient." United States v. Lopez, 340 F.3d 169, 173 (3d Cir. 2003); see Morley, 199 F.3d at 133 ("Relevance is not an inherent characteristic, . . . nor are prior bad acts intrinsically relevant to motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake." (internal citation and quotation marks omitted)).

The Government's articulated chain of inferences offered here supports the inference that Defendant's conduct with K.R. makes it more likely that he committed the instant offense, rather than supporting the 404(b) exceptions. The Government asserts in connecting the evidence at

issue here (Defendant's relationship with K.R.) with its proper purposes (motive, intent, opportunity and absence of mistake), that the evidence demonstrates Defendant's "sexual orientation toward young children," and his "sexual interest in pubescent children." (Doc. No. 23, at 12.). However, when considered in the context of each of the 404(b) purposes relied upon by the Government, it becomes apparent that this inference "is simply an observation about [Defendant's] character, and as such, is precisely the kind of evidence that Rule 404(b) is designed to exclude." Morley, 199 F.3d at 137 (citation and quotation omitted).

    **1.    Motive**

The Third Circuit has admitted evidence of a defendant's prior crime as evidence of motive. In such cases, the evidence is admitted for the purpose of demonstrating "that the defendant had a reason to commit the act charged, and from this motive it may be inferred that the defendant did commit the act." 2 Joseph McLaughlin, Ed., Weinstein's Federal Evidence, § 404.22[3] (2d ed. 2009) (hereinafter "Weinstein's"). E.g. United States v. Cruz, 326 F.3d 392, 395-96 (3d Cir. 2003) (admitting evidence of defendant's parole status under 404(b) to establish his motive in concealing his illegal drug activity to avoid having his parole revoked); Sriyuth, 98 F.3d at 745-47 (admitting evidence under 404(b) of defendant's prior conviction for sexual assault as evidence of his motive for kidnapping the same victim).

Here, evidence of Defendant's sexual relationship with K.R. does not demonstrate his reason for possessing child pornography. Instead, the evidence demonstrates Defendant's "sexual *orientation* toward young children." Orientation is simply another word used to describe an individual's tendency and is therefore character or propensity evidence, the kind of evidence which 404(b) specifically excludes. Morley, 199 F.3d at 137.

##### 2. Intent

Where a defendant's intent is a relevant issue at trial, evidence of similar prior acts are admissible where such acts "show a pattern of operation suggestive of intent." Commodity Futures Trading Comm'n v. Rosenberg, 85 F. Supp. 2d 424, 438 (D.N.J. 2000). As the Third Circuit has noted:

> Where intent is an essential element of the crime charged, we have reasoned that evidence of prior similar conduct is relevant to show intent because as a matter of logic, it is at least marginally more likely that [defendant acted] *intentionally* if he had previous experience with the same or similar conduct.

United States v. Staten, 181 Fed. App'x 151, 155 (3d Cir. 2006) (alteration in original) (internal quotation marks and citation omitted); see Weinstein's, supra at § 404.22[1][a] ("The requisite intent may be inferred from the fact that, after being involved in a number of similar incidents, the defendant must have had a mental state that is inconsistent with innocence.")

At the September 23 hearing, the Government cited United States v. Prawdzik, as support for the admissibility of Defendant's relationship with K.R. under several of the purposes cited in Rule 404(b), including intent. 2008 U.S. Dist. LEXIS 65499 (E.D. Pa. Aug. 28, 2008). Prawdzik, however, is factually distinguishable from the instant case. In Prawdzik, the court admitted evidence that defendant had participated in previous sexual misconduct with minors as evidence that she had the requisite intent, motive and opportunity to commit the charged offenses and that she did not commit the acts charged by accident or mistake. Id., at *14. In Prawdzik the defendant was charged with using minors to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Id. at *1. The defendant's previous sexual misconduct with minors was substantially similar to the crime for which she was charged and relevant to show a pattern of suggestive intent.

Unlike the charges in Prawdzik, the charges against Defendant here do not implicate the same conduct at issue in his relationship with K.R. – physical acts of sexual conduct with a minor. Instead, the charges involve the possession of depictions of minors engaging in sexual conduct. Stated another way, evidence of the Defendant's relationship with K.R. is "vastly different" than the conduct alleged in the Indictment. United States v. Bunty, 617 F. Supp. 2d 359, 376 (E.D. Pa. 2008). In Bunty, the court excluded evidence of prior acts of child molestation in a case where defendant was charged only with possession of child pornography and reasoned:

> The specific conduct alleged in this case, however, is vastly different from the conduct about which M.B. and C.B. would testify. They would testify regarding conduct that involves much more than just possession or transportation of child pornography - their testimony involves allegations that Defendant engaged in direct sexual contact with children.[3]

Consequently, Defendant's relationship with K.R. is not probative of Defendant's intent to commit the offense charged.

### 3. Opportunity

Evidence of a defendant's prior crime is relevant to show defendant had the opportunity to commit the crime with which he is charged where such evidence suggests defendant had the ability or knowledge to commit the crime in issue. See United States v. Vega, 285 F.3d 256, 262-63 (3d Cir. 2002) (admitting evidence of defendant's prior participation in a drug conspiracy

---

[3] The court in Bunty was considering the similarity between the charged offense and the prior acts in the context of a Rule 403 analysis. 617 F. Supp. 2d at 376. Its reasoning, however, is equally applicable to the analysis here of whether the evidence is relevant to the proper purpose of intent. See Weinstein's, supra at § 404.22[1][c] (noting that the similarity between the charged and prior acts is considered by courts both in determining the evidence is relevant to a proper purpose (often intent) other than propensity (prong one of the 404(b) analysis), and later in assessing probative value in applying Rule 403 (prong three of the 404(b) analysis)).

to show that defendant had the opportunity to participate in the charged conspiracy); United States v. Clark, 208 Fed. App'x 137, 143 (3d Cir. 2006) (admitting evidence of defendant's arrest for possession of a false identification card as demonstrating that defendant had the ability to obtain fake identification cards, which he was accused of doing in connection with the charged offense of bank fraud).

In the present case, Defendant's relationship with K.R. reveals nothing about his opportunity to possess child pornography. His relationship with her does not make it any more or less likely that he would have the knowledge or ability to possess child pornography. Accordingly, this evidence is not relevant to demonstrate opportunity.

### 4. Absence of Mistake

The Third Circuit has admitted evidence of a defendant's prior crimes when relevant to show that a defendant's possession of an item is not the result of mistake or "being in the wrong place at the wrong time." Givan, 320 F.3d at 461. For example, in Givan, the district court admitted evidence that the defendant had previously been convicted of possession of cocaine. Id. at 460. On appeal, the Third Circuit reasoned that such evidence was relevant to show that defendant "had knowledge of drugs and distribution, and thus that it was less likely that he simply was in the wrong place at the wrong time." Id. at 461.

Here, the Government seeks to introduce evidence of Defendant's relationship with K.R. as demonstrative of his sexual interest in pubescent children and argues that the relationship makes it less likely that his possession of child pornography was by mistake or as a result of others accessing his computer. The Government stated its position at the September 23 hearing:

> [The relationship is probative] to show that [Defendant] has a
> sexual interest in children and that's why he was looking to possess
> child pornography, the same motive, the same evidence that he had

-8-

> a sexual interest in a girl who was 17 when he was 31 years of age. . .
> And since his defense is going to be, that I – these things did not
> belong to me, I have no sexual interest in young girls, I have none
> of that . . . that's why [Defendant's relationship with K.R.] becomes
> highly probative on the fact that he knowingly possessed and
> intentionally possessed these images of child pornography.

(Trans. of Sept. 23, 2009, Hearing, at 28:22-29:21). However, this inference cannot be sustained independent of the prohibited propensity inference, that is, due to Defendant's propensity to commit crimes involving the sexual exploitation of minors, he was more likely to have possessed child pornography in the present case. His relationship with K.R. does not show that he knowingly possessed child pornography, nor does it show that he was likely to know that there was child pornography on his computer.

### B. Prongs Two and Three

The Court is not persuaded that the Government is offering the contested evidence for a proper purpose as required under Prong One of the 404(b) analysis. Under Prong Two, although evidence of the relationship with a seventeen year old minor may have some relevancy to the instant charges, it also is propensity or character evidence which suggests that Defendant is guilty of the instant offense due to his prior conduct. This inference is considerable here. Accordingly, under Prong Three, the Rule 403 balancing test also supports the inadmissibility of the contested evidence because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice arising from the nature of the evidence to show propensity.

### III. CONCLUSION

In sum, the Government has not demonstrated a proper purpose for the admission of evidence surrounding Defendant's relationship with K.R., and the probative value of the

evidence is substantially outweighed by the risk of unfair prejudice. The Government's Motion to Admit Evidence of Other Crimes Under Fed. R. Evid. 414 and Fed. R. Evid. 404(b) will be denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | Criminal No. 09-320 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID IVINS, | : | |
| Defendant. | : | |
| | : | |

# **ORDER**

AND NOW, this 31st day of March, 2010, upon consideration of the Government's Motion to Admit Evidence of Other Crimes Under Fed. R. Evid. 414 and Fed. R. Evid. 404(b), (Doc. No. 23), and the arguments made by counsel at the September 23, 2009 hearing on the Motion, it is hereby ORDERED that the Government's Motion to Admit Evidence of Other Crimes Under Fed. R. Evid. 414 and Fed. R. Evid. 404(b) (Doc. No. 23) is DENIED.

                    BY THE COURT:

                    /s/ Joel H. Slomsky, J.
                    JOEL H. SLOMSKY, J.