IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
: Criminal No. 09-320
:
v. :
:
:
DAVID IVINS, :
:
Defendant. :

**OPINION AND ORDER**

Slomsky, J.                                                                                                                                          June 28, 2010

## I. INTRODUCTION

Before the Court is the Government's Motion to Exclude Evidence Regarding the Prior Convictions of a Witness[1] (Doc. No. 51), and Defendant's Motion *In Limine* to Admit Evidence of Witness Michael Mastranduono's Prior Criminal Convictions (Doc. No. 52). On May 7, 2009, a federal grand jury returned an Indictment charging Defendant David Ivins (hereinafter "Defendant") with one count of possession of child pornography in violation of Title 18, United States Code Section 2252(a)(4). The charges stem from evidence seized after the execution of a search warrant at Defendant's home on July 27, 2006. The search resulted in the seizure of Defendant's computer, which contained images of child pornography. A hearing was held on the two Motions on June 23, 2010.

Defendant's residence at the time of the search was a two-bedroom trailer, which he shared with his girlfriend, roommate Michael Mastranduono and Mastranduono's girlfriend.

---

[1] The witness is Michael Mastranduono. His prior record is the subject of Defendant's Motion *in Limine*.

(Doc. No. 51, at 1). Defendant's computer was located in the living room, an area of the trailer common to all residents. (Doc. No. 52, at 1). A subsequent forensic analysis revealed thousands of images and videos of child pornography on the computer hard drive and on CDs and DVDs that were found in the living room. (Doc. No. 51, at 2).

Defendant asserts that his theory at trial will be that Michael Mastranduono (hereinafter "Witness") was the actual possessor of the child pornography, and that this theory is supported by the location of the computer, DVDs and CDs in a common area of the residence. Witness has a number of prior convictions which are the subject of the instant motions. On June 19, 2000, he was adjudicated guilty of and sentenced for Indecent Assault and Simple Assault.[2] (Doc. No. 52, Ex. A). This case involved a sexual assault on an 18 year old, unconscious woman, which occurred on June 29, 1999. On August 4, 2003, he pled guilty to Harassment.[3] (Id., at Ex. B). This case involved a physical assault on a woman and occurred on April 21, 2003.

On January 8, 2007, Witness pled guilty to possession of Prohibited Offensive Weapons and use/possession of Drug Paraphernalia.[4] (Id., at Ex. C). The offensive weapon seized was a switchblade knife. It was found by police during a search of Defendant's vehicle incident to a

---

[2] At a hearing on June 23, 2010, Defendant withdrew his motion for the admissibility of Witness's June 19, 2000 Simple Assault charge.

[3] At the June 23, 2010 hearing, Defendant withdrew his motion for the admissibility of Witness's August 4, 2003 harassment charge. Defendant conceded the charge was not admissible under Fed. R. Evid. 608(b) or 404(b). Moreover, the charge is a summary offense not punishable by more than one year in prison, and therefore not admissible under Rule 609(a)(1).

[4] At the June 23, 2010 hearing, Defendant also withdrew his motion for the admissibility of Witness's Drug Paraphernalia charge. Defendant conceded the charge was not admissible under Fed. R. Evid. 608(b) or 404(b), and that because it was an ungraded misdemeanor not punishable by more than one year in prison, it was not admissible under Rule 609(a)(1).

traffic stop on July 18, 2006. Witness also pled guilty to a second charge of possession of Prohibited Offensive Weapons on January 8, 2007. (Id., at Ex. D). This case involved multiple offensive weapons, including a switchblade knife, metal knuckles and an expandable metal baton, all found by police when executing a search warrant on Witness's and Defendant's trailer on July 27, 2006. This search led to Defendant's indictment in the instant case. Defendant asserts that Witness's prior convictions are admissible under Federal Rules of Evidence 404(b), 608(b),[5] 609(a)(1) and 403.

## II. DISCUSSION

### A. Witness's Indecent Assault Conviction

Defendant asserts Witness's Indecent Assault conviction is admissible as "reverse 404(b)" evidence. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." When a criminal defendant seeks to introduce Rule 404(b) evidence regarding a witness in his trial, it is referred to as "reverse 404(b)" evidence.

The Third Circuit has directed that when considering the admission of reverse 404(b) evidence, a court must still apply Rule 404(b)'s general prohibition against propensity evidence. United States v. Williams, 458 F.3d 312, 317 (3d Cir. 2006). Rule 404(b)'s "prohibition against propensity evidence applies regardless of by whom – and against whom – it is offered." Id. As

---

[5] At the June 23, 2010 hearing Defendant withdrew his argument that each conviction of Witness was admissible pursuant to Federal Rule of Evidence 608(b).

the Third Circuit stated:

> Although, under [United States v. Stevens], a defendant is allowed more leeway in introducing *non-propensity evidence* under Rule 404(b), he or she is not allowed more leeway in admitting *propensity evidence* in violation of Rule 404(b) . . . [T]he prohibition against the introduction of bad acts evidence to show propensity applies regardless of whether the evidence is offered against the defendant or a third party.

Id. A defendant must show evidence of prior bad acts is admissible for a proper purpose under Rule 404(b), although "'a lower standard of similarity [when considering "proper purpose"] should govern 'reverse Rule 404(b)' evidence because prejudice to the defendant is not a factor.'" Id. at 316 (quoting United States v. Stevens, 935 F.2d 1380, 1404 (3d Cir. 1991)).

Here, Defendant has failed to identify a proper purpose for the admission of Witness's Indecent Assault conviction: it is not relevant to motive, opportunity, intent, preparation, plan, knowledge, identity, accident or absence of mistake. Instead, it is clear to the Court that this is propensity evidence, intended to suggest to the jury that Witness was a sex offender in the past and consequently is more likely to have committed the sex offense in the instant case. Although this rationale supports Defendant's defense that it was Witness, and not himself, who possessed the child pornography, the Indecent Assault conviction is still propensity evidence in violation of Rule 404(b) and cannot be admitted under that rule.

Defendant also asserts that Witness's Indecent Assault conviction is admissible under Rule 609(a)(1), which provides: "For the purpose of attacking the character for truthfulness of a witness, evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of

one year."[6] Here, Witness's Indecent Assault charge is punishable by more than one year imprisonment, and therefore Rule 403 must be considered.

Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." In assessing whether the probative value of Rule 609 evidence outweighs its prejudicial effect, courts have considered the following factors:

> (1) The nature of the prior crime;[7]
> (2) The age of the prior conviction;[8]
> (3) The importance of the [witness's] testimony;
> (4) The importance of the [witness's] credibility.[9]

United States v. Smith, 2006 WL 618843, *2 (E.D. Pa. Mar. 13, 2006) (citing United States v. Johnson, 388 F.3d 96, 103-04 (3d Cir. 2004) (McKee, J., concurring); Government of the Virgin Islands v. Bedford, 671 F.2d 758, 761, n. 4 (3d Cir. 1982)).

When considering the first factor regarding the nature of the prior crime, courts look to

---

[6] A conviction is not admissible under this rule "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." Rule 609(b). Here, Witness's conviction for Indecent Assault occurred on June 19, 2000. (Doc. No. 52, Ex. A). This was ten years and nine days before Defendant's scheduled date of trial. However, because Defendant's trial has been continued several times at the request of both the defense and the government, (E.g., Doc. No. 12, Doc. No. 19, Doc. No. 32, Doc. No. 41), the Court will consider the Indecent Assault conviction to fall within the ten year time limit.

[7] This factor has also been phrased as "the impeachment value of the prior crime." United States v. Paige, 464 F. Supp. 99, 100 (E.D. Pa. 1978).

[8] This factor has also been phrased as "the point in time of the conviction and the witness's subsequent history." Paige, 646 F. Supp. at 100.

[9] In Paige, the Court added a fifth factor: "the similarity between the past crime and the charged crime." 646 F. Supp. at 100 (citing United States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1976)).

whether it is probative of a witness's veracity. Smith, 2006 WL 618843 at *2; see also Paige, 464 F. Supp. at 100.[10] Although Defendant's Indecent Assault conviction may arguably involve a breach of trust,[11] sex offenses are generally considered not to be probative of a witness's veracity. Joseph M. McLaughlin, Ed., Weinstein's Federal Evidence § 609.04[3][b]. Furthermore, "for particularly depraved and offensive acts, such as wanton violence or sexual immorality, the jury is likely to draw the prejudicial inference that the witness is a bad person while at the same time the jury may derive little probative value from the conviction since these crimes say little about credibility." Estrada, 430 F.3d at 618. This risk of unfair prejudice is further enhanced by the fact that Witness's Indecent Assault charge is propensity evidence intended to suggest to the jury that Witness was a sex offender in the past and so is more likely to have committed the sex offense in the instant case.

With regard to the other factors, Witness's conviction occurred about seven years prior to the instant charge and about ten years before the date he will testify. These time lapses suggest the conviction has a low probative value. Witness's testimony and credibility – although not critical to the government's case – are important to Defendant's defense. This weighs in favor of a higher probative value. However, the probative value of the conviction is substantially

---

[10] Crimes high on the scale of probative worth of veracity are: theft and escape crimes; crimes involving evasion of responsibility or abuse of trust (e.g., smuggling, failure to register or report when required, abuse of a child in one's care, and some drug importation crimes); crimes requiring planning and preparation, violent crimes involving premeditation; and particularly grave offenses, as "more serious offenses indicate a stronger willingness to ignore the law." United States v. Estrada, 430 F. 3d 606, 618 (2d Cir. 2005).

[11] According to the affidavit of probable cause, "Defendant engaged in sexual intercourse by forcible compulsion or threat of same with [victim] . . . against her consent while she was in an unconscious state." (Doc. No. 52, Ex. A).

outweighed by the risk of unfair prejudice arising from its tendency to show propensity and its temporal distance from the instant case. Accordingly, after balancing the Rule 403 factors, the Court concludes that evidence of Witness's conviction for Indecent Assault will be excluded.

**B. Witness's Prohibited Offensive Weapons Convictions**

Defendant asserts Witness's convictions for Prohibited Offensive Weapons are admissible under Rule 609(a)(1). These convictions are punishable by more than one year imprisonment. Once again, under Rule 609, the Rule 403 balancing test applies.

The first factor – the nature of the crime – does not weigh strongly for or against admission. A weapons charge is not particularly probative of veracity, see supra note 10, but it is also not so violent, serious or depraved as to suggest to the jury that Witness is a bad person. The second factor, the "point in time of the conviction[s] and the witness's subsequent history," Paige, 464 F. Supp. at 100, however, does weigh in favor of admission. First, the convictions occurred only three years before the scheduled trial in this case and around the same time as the execution of the search warrant that led to Defendant's indictment. (Doc. No. 52, at 2-3). Second, they occurred in close proximity to each other – the respective arrests occurred only nine days apart – and involved identical charges. When the temporal relationship between the charges is considered, they are probative of truthfulness, as they suggest Witness's willingness to disregard the law. See Estrada, 430 F.3d at 618 (considering crimes which indicate a "willingness to ignore the law" to be probative of a witness's truthfulness). Lastly, Witness's testimony and credibility are important to Defendant's defense, and so weigh in favor of admissibility.

In sum, the probative value of Witness's convictions for possession of Prohibited

Offensive Weapons is not substantially outweighed by the risk of unfair prejudice. Accordingly, these convictions will be admitted under Rule 609(a)(1) for use on cross-examination. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Criminal No. 09-320 |
| v. | : |
| DAVID IVINS, | : |
| Defendant. | : |

**ORDER**

AND NOW, this 28th day of June, 2010, upon consideration of Government's Motion to Exclude Evidence Regarding the Prior Convictions of a Witness (Doc. No. 51) and Defendant's Motion *in Limine* to Admit Evidence of Witness Michael Mastranduono's Prior Criminal Convictions (Doc. No. 52), and following a hearing on the motions on June 23, 2010, it is ORDERED that Government's Motion is GRANTED IN PART AND DENIED IN PART, and Defendant's Motion is GRANTED IN PART AND DENIED IN PART, as follows:

1. Witness's June 19, 2000 convictions for Indecent Assault and Simple Assault are excluded;

2. Witness's August 4, 2003 conviction for Harassment is excluded;

3. Witness's August 8, 2006 conviction for use/possession of Drug Paraphernalia is excluded;

4. Witness's August 8, 2006 conviction for possession of Prohibited Offensive Weapons, arising out of a July 18, 2006 arrest, is admissible under Fed. R. Evid. 609(a)(1);

5. Witness's August 8, 2006 conviction for possession of Prohibited Offensive Weapons, arising out of a July 27, 2006 arrest, is admissible under Fed. R. Evid. 609(a)(1).

BY THE COURT:

 /s/ Joel H. Slomsky, J  
JOEL H. SLOMSKY, J.